457 A.2d 556

**In re Michael H. RANCK, District Attorney and John A. Kenneff, Assistant District Attorney.**

**Appeal of Constable Paul O. HENRY, Jr.**

**Paul O. HENRY, Jr., Constable, Sixth Ward**

**v.**

**Michael H. RANCK, District Attorney and John A. Kenneff, Assistant District Attorney.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed March 11, 1983.

Thomas A. Dittoe, Lancaster, for appellant.

William A. Atlee, Jr., Lancaster, for appellees.

Before CAVANAUGH, McEWEN and BECK, JJ.

BECK, Judge:

In this appeal, Constable Paul O. Henry, Jr. claims that the lower court improperly dismissed his action charging Misconduct of District Attorney, 16 Pa.S. § 1405, against appellees Michael H. Ranck, District Attorney, and John A. Kenneff, Assistant District Attorney, of Lancaster County. For the reasons that follow, we affirm the order of dismissal.

The sequence of events pertinent to this appeal grew out of an underlying suit initiated by D. Patrick Zimmerman, Esquire, president of Binkley and Kurtz, Inc., a corporation which owns a multi-use building in Lancaster County which includes an apartment leased to Grant Ross and Susan Ross. The Rosses fell behind in rental payments. Zimmerman, as president of Binkley and Kurtz, obtained a default judgment in the amount of $544.12 against them and they were ordered to quit the property no later than September 29.

On September 26, appellant Henry attempted to levy on the personal property of the tenants and discovered that

they were in the process of moving out. He returned on September 29 to evict them, and found that they were already gone. In October 1979 Henry filed a criminal complaint against the Rosses as Defrauding Secured Creditors, pursuant to 18 Pa.S. § 4110.

Henry's § 1405 action, charging Ranck and Kenneff with wilful and gross negligence in the execution of their prosecutorial duties, is grounded on their alleged violations of Pa.R.Crim.P. 1100 in as much as they failed timely to prosecute the Rosses pursuant to the criminal complaint he had filed against them. Henry's complaint against the Rosses was signed on October 12, 1979, and on July 9, 1981, more than 180 days later, the Rosses and the Commonwealth reached an agreement to resolve the case by *nolle prosequi*, upon the Rosses' paying restitution and costs. The formalities of this *nolle prosequi* were executed on February 27, 1981. Henry also charges that the *nolle prosequi* disappointed his hope and expectation that the case would be resolved either by trial and conviction or by guilty plea.

Before reaching the merits of Henry's § 1405 suit against Ranck and Kenneff, it is necessary to determine whether Henry has standing to bring such a suit based upon Ranck's and Kenneff's handling of the case against the Rosses.

We hold that a constable, who has filed a criminal complaint against persons for defrauding secured creditors pursuant to 18 Pa.C.S. § 4110, has no standing to bring suit against the District Attorney under 16 Pa.S. § 1405 for resolving the fraudulent creditors suit by *nolle prosequi*. The Act states:

### § 1405. Misconduct of District Attorney

(a) If any district attorney shall wilfully and corruptly demand, take or receive any other fee or reward than such as is prescribed by law for any official duties required by law to be executed by him in any criminal proceeding, or if such district attorney shall be guilty of *wilful and gross negligence in the execution of the duties of his office*, he shall be guilty of a misdemeanor

in office, and, on conviction thereof, be sentenced to pay a fine not exceeding one thousand dollars and to undergo imprisonment not exceeding one year, and his office shall be declared vacant.

(b) Upon complaint in writing, verified by oath or affirmation of *the party aggrieved*, made to the court in which any district attorney shall prosecute the pleas of the Commonwealth, charging such district attorney with wilful and gross negligence in the execution of the duties of his office, the court shall cause notice of such complaint to be given to the district attorney and of the time fixed by the court for the hearing of the same .... (Emphasis added).

The statutory language makes it clear that a complaint under this Act must be brought by an "aggrieved party," i.e. one who has suffered injury from the District Attorney's misconduct, in this case wilful and gross negligence in the execution of his official duties.

The issue is whether Constable Henry has standing as an aggrieved party under the Statute, and we hold that does not. He charges that District Attorney Ranck and Assistant District Attorney Kenneff were wilfully and grossly negligent in the prosecution of the Rosses, in as much as the Rosses were not brought to trial within the time limit specified by Rule 1100.[1] If the charge is true, a question

1. The text of Rule 1100 applicable at the time charges were brought against the Rosses reads:

**Rule 1100. Prompt Trial**

(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial.

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant

we explicitly decline to meet, the aggrieved parties are the Rosses, whose constitutional rights to a speedy trial under Rule 1100 were violated, and not Henry's.

Henry also claims that he is an aggrieved party because the *nolle prosequi*, following the financial settlement of the debt, obviated the necessity of a levy on the goods of the Rosses. For any financial loss incurred by the settling of the debt by payment of principal and costs, the creditor, Binkley and Kurtz, is the aggrieved party. Henry had no vested right in the proceeds of an anticipated levy on the personalty of the debtors, followed by a sale to satisfy the obligations owed to the judgment creditor. Many persons whose income is derived in whole or in part from commissions and fees expend time and effort on anticipated results, only to be disappointed in the outcome. Appellant's time and effort spent in attempting to levy on the goods, and in swearing out the criminal complaint, are some of the duties of his constabulary office.

Henry may have had an economic interest in the judgment debt but such an interest does not rise to the level of a right. The interest, at best, is *de minimis* compared to the overriding public policy interest which supports the tradition of wide discretion in the District Attorney's office in prosecutorial decisions.

Pa.R.Crim.P. 313 states:

**Nolle Prosequi**

> through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.
>
> (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
>
> (1) the unavailability of the defendant or his attorney;
>
> (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.
>
> . . . .
>
> Susan Ross, but not Grant Ross, signed a waiver for a continuance of 120 days which was granted on August 14, 1980.

(a) Upon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* notwithstanding the objection of any person. The right to dispose of a case by *nolle prosequi,* pursuant to Rule 313, "notwithstanding the objection of any person," is clearly established by the letter of the rule and by case law based upon the rule. In *Com. v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346 (1977) we upheld the principle that the historic power to "nol pros" belongs exclusively to the office of the prosecutor (except for dismissals which vindicate personal rights, such as protection against double jeopardy), and cannot even be ordered by the court without the permission of the prosecutor. The roots of this power in the common law of England and the United States are traced to the traditional extensive powers of the Attorney General, a public prosecuting official with wide powers of supervision over all criminal investigations and prosecutions.[2]

Pa.R.Crim.P. 314, relating to alleged offenses other than those committed by force or violence, gives the court power, when it appears that the public interest will not be materially affected, to discharge a defendant upon showing that satisfaction has been made to the "aggrieved party" (in the instant case, clearly the creditor, Binkley and Kurtz). Rule 314 has been interpreted to mean the decision to prosecute or not to prosecute belongs to the Commonwealth. *Com. v. Reinhart,* 466 Pa. 591, 353 A.2d 848 (1976), cert. denied 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (upholding Rule 314 against a constitutional challenge). The settled right of the District Attorney to proceed under rules 313 and 314 is not open to challenge by a constable.

These rules, and the case law interpreting them, support the vesting of discretionary power to prosecute or not in the office of the District Attorney, an elected official whose execution of duty will ultimately be judged by the electorate. The District Attorney should not be subject to the

2. See Note Prosecutor's Discretion, 103 *U.Pa.L.Rev.* 1057 (1955), especially pp. 1066–68 on nol pros.

harassment of having to defend in court his decisions to nol pros charges against potential defendants. Our decision fosters another important public policy, the favoring of settlements in order to spare the Commonwealth and the parties the inconvenience and costs of a trial, which is the most expensive way to determine the rights of the litigants.

In so far as we have held that Constable Henry lacks standing to maintain his § 1405 suit, we do not reach the merits of his allegations of negligence on the part of Ranck and Kenneff, nor the issue of whether an Assistant District Attorney is within the reach of 16 Pa.S. § 1405.

The order of the lower court is affirmed.

CAVANAUGH and McEWEN concur in the result.