482 A.2d 656

**COMMONWEALTH of Pennsylvania**

**v.**

**Scott R. ANWYLL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1984.

Filed Sept. 28, 1984.

454

Thomas W. Houser, Bethlehem, for appellant.

Daniel G. Spengler, Assistant District Attorney, Bethlehem, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and CIRILLO, JJ.

PER CURIAM:

This is an appeal from judgment of sentence following appellant's plea of guilty to three counts of forgery. We affirm.

Before we consider the merits, we must consider whether we have jurisdiction to hear this appeal. Appellant was sentenced on April 5, 1983, and did not file his notice of appeal until May 9, 1983. The appeal therefore appears untimely, Pa.R.A.P. 903(a), and although no party has raised the issue of timeliness, we may do so *sua sponte.* *Commonwealth v. Fisher,* 321 Pa.Super. 534, 468 A.2d 1117 (1983).

At the time of sentencing the trial court stated:

You have a right to file a petition within ten days from today to review this sentencing proceeding to determine whether the sentence is beyond the maximum penalty authorized by law and whether the sentence is proper under the Sentencing Guidelines the court is required to follow. If your petition to review this sentence is denied, you then have thirty days to file an appeal with the Superior Court of Pennsylvania. That appeal must be filed within thirty days from today or within thirty days after your petition to review the sentence has been disposed of.

N.T. Sentencing at 11.

This statement was erroneous since a petition for reconsideration does not extend the time for taking an appeal. *See, Commonwealth v. Jones,* 307 Pa.Super. 558, 453 A.2d 1028 (1982).

Appellant did timely file a petition for reconsideration of sentence, and on April 26, 1983, the court entered an order denying it. On May 9, 1983, *i.e.,* within thirty days of the denial of the petition for reconsideration but not within thirty days of the sentence, appellant filed a notice of appeal to this Court. The notice stated that it was from the

trial court's order of April 26th denying the petition for reconsideration.

 This appeal was out of time. When an Act of Assembly fixes the time within which an appeal may be taken, a court may not extend time for appeal. *Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121 (1983). The mere fact that the trial court purported to extend the time for appeal to thirty days after the disposition of the motion for reconsideration under Pa.R.Crim.P. 1410 did not affect the running of the time for appeal. *Commonwealth v. Leonard*, 308 Pa.Super. 292, 454 A.2d 136 (1982). The best practice, when granting a petition for reconsideration, is to vacate the sentence in question, Pa.R.Crim.P. 1410, Comments, but the court did not do that.

 Nevertheless, we will not quash the appeal. as untimely. Given the trial court's misstatement of the appeal period, appellant's failure to appeal on time would appear to be the result of a breakdown in the court's operation. *See, Commonwealth v. Englert*, supra. In these circumstances we might remand with instructions to permit appellant to file his appeal *nunc pro tunc*, but to save judicial time, we will not remand but will regard the appeal as though filed *nunc pro tunc* and will consider it on the merits.

Appellant contends on appeal that his concurrent sentences of not less than 2 nor more than 5 years imprisonment are excessive. He argues that the court should have imposed a sentence of partial confinement because much of his prior criminal activity, including the present offenses, was related to his drug usage, for which he has sought rehabilitation; because no one was physically hurt by his crimes; and because a period of total confinement will not serve his rehabilitative needs. Appellant suggests in fact that this case would be appropriate for dismissal under Pa.R.Crim.P. 314.[1]

---

1. Rule 314, relating to alleged offenses other than those committed by force or violence, gives the court power, when it appears that the public interest will not be adversely affected, to discharge a defendant upon showing that satisfaction has been made to the aggrieved party

■ In Pennsylvania, trial judges are vested with broad discretion in sentencing, and a sentence will not be reversed absent an abuse of that discretion. In order to constitute an abuse of discretion, a sentence must either exceed statutory limits or be manifestly excessive. *Commonwealth v. Black*, 321 Pa.Super. 44, 45, 467 A.2d 884, 885 (1983).

■ The sentences imposed in this instance were within the statutory limits, for felonies of the second degree. 18 Pa.C.S.A. § 1103(2).

With respect to whether the sentences were excessive: Appellant admitted to having a long history of alcohol and drug abuse, N.T. Sentencing at 2, and to leaving a drug rehabilitation program prior to completion. *Id.* at 3. He had previously been convicted of forgery and various narcotics offenses and had violated his parole on four occasions. *Id.* at 7–8. Appellant was 32 years old at sentencing, single with no children, had been unemployed for two years, and had briefly attended college. *Id.* at 8. The sentencing court noted appellant's remorsefulness, but also that the present offenses were unprovoked, harmed others, and were felonies. *Id.* at 9–10. The court stated that total confinement was necessary, stressing the undue risk that appellant would commit another crime during a period of probation or partial confinement, appellant's need for institutionalized treatment, the necessity of deterring him from further crime, and the fact that a lesser sentence would depreciate the serious nature of the crimes. *Id.*

It is evident that the trial court gave adequate consideration to the statutory guidelines for sentencing and imposed sentence consistent with the gravity of the offenses, the protection of the public, and the rehabilitative needs of appellant. *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). We therefore find that the trial court did not abuse its discretion.

AFFIRMED.

and the district attorney consents to the dismissal. *In re Ranck*, 311 Pa.Super. 184, 457 A.2d 556 (1983).