J-S42005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMON LEE, | |
| Appellant | No. 500 WDA 2015 |

Appeal from the PCRA Order February 17, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002407-2000

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JUNE 10, 2016**

Appellant, Raymon Lee, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand for further proceedings.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] entered a plea of guilty before Judge John Bell on June 4, 2002.  At case number 2407-2000 on the charge of Violation of the Controlled Substance, Drug Device, and Cosmetic Act, Possession with Intent to Deliver Crack Cocaine, [Appellant] was sentenced to pay the costs of prosecution and be transferred to the Western Diagnostic & Classification Center for confinement in an appropriate state penal institution for no less than two (2) years, no more than (4) years.  Judge Bell found that [Appellant] met all of the qualifications to be admitted

_____

[*]  Former Justice specially assigned to the Superior Court.

into the Motivational Boot Camp Program and therefore recommended to the Department of Corrections that [Appellant] be admitted into said program at their discretion.

On January 23, 2015, [Appellant] filed a pro se PCRA petition at case number 2407-2000. In an order dated February 17, 2015 ("Order"), the [PCRA c]ourt dismissed [Appellant's] PCRA petition because it determined that it lacked jurisdiction of [Appellant's] final sentence pursuant to 42 Pa.C.S.A. § 9545(b).[1] [Appellant] appealed this Order to the Superior Court on March 2[0], 2015.

> [1] The Court failed to provide notice of its intent to summarily dismiss [Appellant's] petition without a hearing prior to issuing its Order dismissing the petition in accordance with Pennsylvania Rule of Criminal Procedure 907. The Superior Court has held that a post-conviction court's failure to provide petitioner with notice of its intent to summarily dismiss petition under [the PCRA] did not provide a basis for reversal of dismissal of petition where the petition was patently untimely. Com. v. Lawson, 90 A.3d 1, 7 (Pa. Super. 2014); See also, Com v. Davis, 916 A.2d 1206, 1208 (where PCRA petition is untimely, the failure to provide such notice is not reversible error). Further, [Appellant] appealed this [c]ourt's Order on the merits.

PCRA Court Opinion, 5/13/15, at 1-2. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the PCRA Court erred when it found that it lacked jurisdiction when Appellant was not afforded the benefit of counsel?

2. Whether the PCRA Court erred when it found that **Alleyne v. United States**, 133 S.Ct. 2151 (2013) did not afford the Appellant retroactive constitutional rights?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We must first address the timeliness of this appeal because the record reveals that the appeal was not filed within thirty days of the date of the order denying PCRA relief. It is well established that "when an Act of Assembly fixes the time within which an appeal may be taken, a court may not extend [the] time for appeal." **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (quoting **Commonwealth v. Anwyll**, 482 A.2d 656, 657 (Pa. Super. 1984)).

Pursuant to Rule 903 of the Pennsylvania Rules of Appellate Procedure, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (citing **Commonwealth v. Hottinger**, 537 A.2d 1, 3 (Pa. Super. 1987)).

However, pursuant to the "prisoner mailbox rule," the notice of appeal is considered filed on the date it is delivered to prison authorities for mailing. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Under that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities …." *Perez*, 799 A.2d at 851 (quoting *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997)).

We note that our review of the certified record reflects that Appellant's *pro se* notice of appeal was time stamped and docketed by the PCRA court on March 20, 2015, which is one day beyond the thirty-day appeal period that expired on March 19, 2015. In addition, the certified record includes a second copy of Appellant's notice of appeal, which was sent to this Court and was time stamped as received on March 20, 2015 and subsequently forwarded to the PCRA court. Also, the record includes a mailing envelope from Appellant to this Court with a postage date of March 18, 2015. We further observe that Appellant, who is incarcerated, dated his notices of appeal March 12, 2015. Likewise, Appellant's two certificates of service are dated March 12, 2015. Accordingly, we conclude that, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal.

In his first issue, Appellant argues that the PCRA court erred by failing to appoint counsel to represent him during the PCRA proceedings. Appellant's Brief at 8-10. Specifically, he contends that, because he is indigent and requested appointment of counsel to assist with his first PCRA petition, the PCRA court, pursuant to Pennsylvania Rule of Criminal Procedure 904(c), was obligated to fulfill his request. *Id*. at 9. We are constrained to agree.

It is well-settled that indigent petitioners are entitled to representation by counsel for a first petition filed under the PCRA. *Commonwealth v. Evans*, 866 A.2d 442, 444-446 (Pa. Super. 2005). A petitioner's right to counsel under the PCRA is established by Pa.R.Crim.P. 904 which provides, in pertinent part, that, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall appoint counsel** to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). The official comment to Rule 904 explains that, "Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed **in every case** in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel." *Id*. at comment (emphasis added).

A first-time PCRA petitioner who indicates that he is unable to afford counsel is entitled to representation even where his petition is facially

untimely. ***Commonwealth v. Stossel***, 17 A.3d 1286, 1288 (Pa. Super. 2011). ***See also Commonwealth v. Smith***, 818 A.2d 494, 499, 501 (Pa. 2003) (concluding that indigent first-time PCRA petitioner is entitled to appointment of counsel during PCRA proceedings in order to determine whether petition is time-barred, whether or not PCRA court ultimately concludes that petition is untimely). Moreover, this Court has stated the following:

> [T]he denial of PCRA relief to an indigent first-time petitioner cannot stand unless the petitioner was afforded the assistance of counsel. **An indigent first-time petitioner is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent noncognizability of the claims presented**. We will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for relief until, pursuant to Rule 904[(C)], petitioner has been given the opportunity to be represented by appointed counsel.

***Commonwealth v. Price***, 876 A.2d 988, 993 (Pa. Super. 2005) (quotation marks and citations omitted) (emphasis added). In addition, a PCRA court may not first evaluate the merits of a petition, and then deny the appointment of counsel because the petition lacks merit. ***Evans***, 866 A.2d at 445.

Here, our review of the certified record reflects that Appellant filed his first petition for PCRA relief acting *pro se*, averred a lack of resources to hire an attorney, and requested the PCRA court to appoint counsel to represent him. PCRA Petition, 2/17/15, at 8. The PCRA court ignored Appellant's request, moved forward with the proceedings, and ultimately determined

- 6 -

that the PCRA petition was untimely. Because the PCRA court did not appoint counsel to represent Appellant in this first PCRA petition, we are constrained to vacate the order dismissing Appellant's PCRA petition. Hence, we remand this case to the PCRA court to appoint counsel to represent Appellant on his PCRA petition and further proceedings as are appropriate under the PCRA. Pa.R.Crim.P. 904(C); **Evans**, 866 A.2d at 444-446; **Price**, 876 A.2d at 993.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016