J-S90032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL OSEI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUGARHOUSE CASINO, ALEXIS R. KROLL, WENDY HAMILTON, TONI DILACQUA | |
| Appellees | No. 919 EDA 2016 |

Appeal from the Order Entered February 19, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2664 June Term 2015

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 22, 2016**

Michael Osei ("Appellant") appeals from an order entered February 19, 2016 by the Philadelphia County Court of Common Pleas denying his Motion for *Nunc Pro Tunc* Appeal and *Nunc Pro Tunc* Order Modification ("*nunc pro tunc* motion").  After careful review, we affirm.

This matter stems from Appellant's amorous pursuit of Alexis Kroll, a cocktail waitress at Sugarhouse Casino, which resulted in the State Police bringing summary criminal harassment charges against Appellant.  Ms. Kroll did not receive a subpoena notifying her of the date and time of Appellant's harassment hearing, however, and so she did not appear to testify.  As a result, the Philadelphia Municipal Court dismissed the case.

Thereafter, acting *pro se*, Appellant brought the instant action in which he claimed, *inter alia*, that because the Municipal Court dismissed the harassment charges, he is entitled to defense attorney's fees[1] and the return of tips he gave to Ms. Kroll. On May 21, 2015, following a hearing, the Municipal Court entered judgment in favor of Appellees. The trial court summarized the further relevant procedural posture of this matter as follows:

On June 19, 2015, [Appellant] filed an appeal to [the trial court] from the Municipal Court judgment entered in favor of [Sugarhouse Casino, Alexis Kroll, Wendy Hamilton, and Toni Dilacqua (collectively "Appellees")] and subsequently filed a Complaint on July 17, 2015. On August 6, 2015, [Appellees] filed Preliminary Objections to the Complaint, which [the trial court] sustained without prejudice for [Appellant] to file a properly pleaded Amended Complaint. On October 16, 2015, [Appellant] filed an Amended Complaint to which [Appellees] filed Preliminary Objections on November 9, 2015. On December 7, 2015,[2] [the trial court] sustained [Appellees'] Preliminary Objections and dismissed the amended Complaint with prejudice. On January 21, 2016, [Appellant] filed an untimely Motion for Reconsideration[,] which this [c]ourt denied on January 22, 2016. On January 26, 2016, [Appellant] filed an

---

[1] Appellant was represented by counsel during the prosecution of the harassment charges. He claims $3,500.00 of attorney's fees.

[2] The trial court's order sustaining Appellees' Preliminary Objections and dismissing the amended complaint is actually dated December 4, 2015. However, the prothonotary docketed the order and provided Appellant with notice on December 7, 2015. Accordingly, we view December 7, 2015 as the operative date of the motion. ***See*** Pa.R.C.P. 236

untimely Notice of Appeal to the Superior Court.[3] On January 25, 2016, [Appellant] filed [the instant *nunc pro tunc* motion], to which [Appellees] filed their opposition on February 16, 2016, and [the trial court] denied the motion on February 19, 2016.[4] On March 22, 2016, [Appellant] filed [a] Notice of Appeal to the Superior Court.[5]

Trial Court Pa.R.A.P. 1925(a) Opinion, filed May 20, 2016 ("1925(a) Opinion"), at pp. 1-2 (internal footnotes omitted).

Appellant raises the following two issues for our review:

1. WHETHER, the Trial Court erred and abused its discretion denying Appellant's (substituted) amalgamated motion for *nunc pro tunc* relief to appeal the order entered on December 8, 2015, and motion for *nunc pro tunc* order despite supporting evidence(s) showing cause for delayed appeal for about 18 days, as well as the trial Court's failure to do the following:

---

[3] This Court addressed Appellant's appeal from the December 7, 2015 order sustaining Appellees' preliminary objections and dismissing Appellant's amended complaint with prejudice at 394 EDA 2016. By dispositional order filed April 1, 2016, this Court quashed Appellant's appeal as untimely. *See* Dispositional Order filed April 1, 2016, **Osei v. Sugarhouse Casino, et al.**, 394 EDA 2016.

[4] The trial court dated its order denying Appellant's motion February 18, 2016. However, the prothonotary docketed the order and provided Appellant with notice on February 19, 2016. Accordingly, we view February 19, 2016 as the operative date of the motion. *See* Pa.R.C.P. 236.

[5] The trial court described Appellant's notice of appeal as "untimely." 1925(a) Opinion, p. 2. We agreed and quashed Appellant's appeal on December 2, 2016. *See Osei v. Sugarhouse Casino, et al.*, 919 EDA 2016, unpublished memorandum filed December 2, 2016. However, we withdrew our memorandum quashing Appellant's appeal on December 9, 2016, and now determine this matter on the merits.

(i) without allowing Appellant to reply to Appellees' response against the *nunc pro tunc* motions demanding certain specifics;

(ii) without holding any evidentiary hearing;

(iii) without articulating any reason, explanation, grounds, analysis, *findings of facts*, and *conclusions of law* on the face of both the trial Court's order and section 1925 opinion denying the nunc pro tunc reliefs.

2. WHETHER, Strong Public Policy and the demands of justice requires this Court to look beyond form to set aside procedural rules and grant nunc pro tunc reliefs in the interests of justice for Appellant.

Appellant's Corrected Brief,[6] pp. 3-4 (verbatim).

Appellant's claims challenge the trial court's denial of Appellant's *nunc pro tunc* motion.  In reviewing a trial court's decision not to allow an appeal *nunc pro tunc*, we are mindful that

[a]llowance of an appeal *nunc pro tunc* lies at the sound discretion of the [t]rial [j]udge.  This Court will not reverse a trial court's denial of a motion for leave to appeal *nunc pro tunc* unless there is an abuse of discretion.  An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

***Fischer v. UPMC Nw.***, 34 A.3d 115, 120 (Pa.Super.2011) (internal quotations and citations omitted).

_____

[6] Appellant filed his original brief with this Court on September 9, 2016.  On September 19, 2016, this Court granted Appellant's request to correct his brief, struck Appellant's original brief, and afforded Appellant until September 21, 2016 to timely file his corrected brief.  Appellant filed his "Brief of Appellant (Corrected)" on September 22, 2016.

Our Supreme Court has characterized the purpose of *nunc pro tunc* restoration of appellate rights as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases, an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

***Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.***, 746 A.2d 581, 584 (Pa.2000) (internal quotations and citations omitted). Our Supreme Court has held that *nunc pro tunc* relief may also be granted where an appellant proves that:

> (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

***Criss v. Wise***, 781 A.2d 1156, 1159 (Pa.2001).

Here, Appellant claims that a non-negligent circumstance occasioned the late filing of his *nunc pro tunc* motion. ***See*** Appellant's Corrected Brief, pp. 29-30. Additionally, Appellant claims a court officer misled him by informing him that weekends and holidays were not to be included in the calculation of the 30 days he had to appeal the trial court's order denying his request to file his appeal *nunc pro tunc*. ***Id.*** at 38-41. Finally, Appellant claims a "breakdown in [c]ourt operations and litigation support facilities

- 5 -

during the holiday season" occasioned his failure to timely file his notice of appeal. *Id.* at 41. These arguments merit no relief.

Initially, we find unconvincing Appellant's claim that his grandmother's death was a non-negligent circumstance upon which the trial court should have granted his *nunc pro tunc* motion. The record reveals Appellant's grandmother passed away on or about September 15, 2015, and that her funeral services occurred in Ghana on November 14-15, 2015. The death of a family member nearly four months before the expiration of an appeal period and/or the occurrence of funerary rituals completed nearly two months prior to the expiration of an appeal period does not represent a non-negligent circumstance that excuses such a late filing, Appellant's unspecified "temporary neuropsychological issues" notwithstanding.

Next, Appellant claims that he improperly calculated the time period[7] to timely file his notice of appeal based on the incorrect advice of an unidentified "clerk" of an unspecified court provided over the telephone regarding the 2015 Municipal Court appeal of this matter to the Court of Common Pleas. **See** Appellant's Corrected Brief, p. 38; Plaintiff's Memo of Law in Support of Nunc Pro Tunc Reliefs [sic], etc., RR. 1466a. While Appellant admits he did not consult the Pennsylvania Rules of Appellate

---

[7] Would-be appellants must file a notice of appeal within 30 days from the date of the challenged order. Pa.R.A.P. 903. In this matter, Appellant's 30 days expired on January 6, 2016.

Procedure to ascertain the correct appeals period,[8] Appellant claims a "judicial officer" informed him that the proper calculation of the 30 day time period to appeal excluded all the intervening weekends and holidays. *See id.* Although this Court has previously allowed untimely appeals where an appellant received improper advice from the trial court, Appellant's undocumented and unverifiable claim that he received erroneous advice from an unidentified employee of a unspecified court regarding unrelated lower court appeal procedures fails to persuade this Court that the trial court erred in refusing to grant *nunc pro tunc* relief. **Compare Commonwealth v. Anwyll**, 482 A.2d 656, 657 (Pa.Super.1984) (refusing to dismiss untimely appeal where trial court record reflected that the court purported to extend 30-day period).

Additionally, that the time Appellant alleges he excluded as a result of the alleged conversation he had with a clerk of a Pennsylvania court approximately and conveniently lines up with the amount of time by which

_____

[8] We find wholly unconvincing Appellant's argument that, as a *pro se* litigant, he should be held to a lesser standard of legal knowledge than a licensed attorney. **See** Appellant's Corrected Brief, pp. 39-40. Pennsylvania courts have long held that those choosing to proceed in self-representation do so at their own peril. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super.2005) ("any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing").

Appellant untimely filed his *nunc pro tunc* motion fails to convince this Court of the veracity of Appellant's claim of misinformation.[9]

Finally, Appellant's claim that the holiday season occasioned his failure to timely file his notice of appeal does not afford Appellant relief. **See** Appellant's Corrected Brief, p. 41. Simply put, we find unconvincing Appellant's claim that "the intervening ephemeral holiday season at the time i.e. Christmas Day, New Year's Day, and MLK Day . . . presented a 'breakdown in the operations of the [c]ourt' affecting litigation support for *pro se* [Appellant] also because of the lack of access to litigation support facilities including the research libraries of the [c]ourts." **Id.** While Pennsylvania's courts, and their attendant support services, were, in fact, closed on Christmas and New Year's Day,[10] these annual closures were predictable, known, and certainly did not prevent Appellant from employing available court resources on any other days during Appellant's appeal period.

---

[9] Further reducing the credibility of Appellant's claims is that, despite allegedly being informed of his improper appeal period calculation on January 14, 2016, Appellant waited an additional 8 days to file his *nunc pro tunc* motion on January 22, 2016.

[10] We note that Martin Luther King, Jr. Day, Monday, January 18, 2016, occurred after both the January 6, 2016 deadline for timely filing a notice of appeal in this matter and Appellant's January 14, 2016 alleged conversation with the trial court wherein he learned of his time period calculation error.

For the above reasons, we do not find the trial court abused its discretion in denying Appellant's *nunc pro tunc* motion. Accordingly, we affirm the order of the trial court.

Order affirmed. Appellant's Application for Stay and Motion for Vacatur, both filed December 5, 2016, are denied as moot.

Judge Ott joins the Memorandum.

Judge Solano concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2016