J-S62040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DUSTIN HENRY GOSS, | : | |
| | : | |
| Appellant | : | No. 222 MDA 2017 |

Appeal from the Judgment of Sentence June 9, 2016
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000394-2015

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 09, 2017**

Dustin Henry Goss (Appellant) appeals from the judgment of sentence imposed on June 9, 2016, after he pled guilty to burglary.  We quash this appeal.

On March 15, 2016, Appellant and two co-defendants each entered guilty pleas.[1]  N.T., 3/5/2016, at 2.   Appellant pled guilty to burglary in exchange for his minimum sentence being in the "bottom half, standard range" of sentencing. *Id*. at 5.  Additionally, the Commonwealth agreed to dismiss the remaining charges.

On June 9, 2016, Appellant was sentenced, consistent with the plea agreement, to a term of 27 months to ten years of incarceration.   At

---

[1] Appellant was represented by Matthew Silvinski, Esquire, from the Office of the Public Defender.

*Retired Senior Judge assigned to the Superior Court.

sentencing, Appellant recognized that the "plea is silent as far as sentencing" as to "whether it be concurrent or consecutive" to Appellant's three-to-six-year sentence for crimes occurring in other counties. N.T., 6/9/2016, at 4. Therefore, Appellant requested that the trial court run the sentence concurrently. The trial court denied that request and ran Appellant's sentence consecutively to the other sentences. *Id*. at 7. At the end of the hearing, Appellant again made an oral motion to run his sentence concurrently, and the trial court denied that request. *Id*. at 9. After more discussion, Appellant then requested to withdraw his guilty plea, and the trial court directed Appellant to "[f]ile that motion." *Id*. at 12.

On June 15, 2016, Appellant, thorough Attorney Silvinski, filed two motions: a motion to modify his sentence and a motion to withdraw his guilty plea. The motion to modify sentence was denied by order on June 16, 2016. The trial court held a hearing on the motion to withdraw Appellant's guilty plea on August 4, 2016. The trial court denied that motion on the record and explained the following to Appellant.

> The Court: [Appellant], I will advise you, sir, that you have the right to appeal this decision to the Superior Court. You do that in writing within 30 days. You are entitled to be represented by an attorney if you choose to exercise your right of appeal. If you cannot afford an attorney and meet certain income guidelines, the Court will appoint an attorney to represent you, do you understand that [Appellant]?
>
> [Appellant]: Yes, sir, 30 days?

> The Court:  And one other thing, [Appellant], although you have raised questions concerning Mr. Silvinski's representation, he will certainly be available to assist you to get your appeal started should you choose to do that within the next 30 days.
>
> [Appellant]: I do.
>
> The Court:  Do you need any time after we are done here to speak to Attorney Silvinski?
>
> [Appellant]: No sir.

N.T., 8/4/2016, at 13.

Despite these instructions, on August 10, 2016, Appellant *pro se* filed a motion purporting to object to the denial of the motion to withdraw his guilty plea and requesting new counsel.[2]  On December 19, 2016, the trial court scheduled a hearing on that motion, which occurred on January 24, 2017.  At the close of the hearing, the trial court denied Appellant's motion.

On February 1, 2017, Appellant filed a notice of appeal from the June 9, 2016 judgment of sentence.[3]  Before we reach the issues presented on appeal,

---

[2] Under these circumstances, the clerk of courts should have forwarded this motion to Attorney Silvinski. **See** Pa.R.Crim.P. 576 ("In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.").  The record does not indicate whether this procedure was followed.

[3] Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and the trial court filed an opinion.

- 3 -

we must address concerns about the timeliness of this appeal. The Commonwealth suggests we quash this appeal as untimely filed. Commonwealth's Brief at 1. Appellant argues that the appeal period did not start to run until January 24, 2017, after the denial of Appellant's *pro se* motion filed August 10, 2016. Appellant's Brief at 8.

"The question of timeliness of an appeal is jurisdictional." **Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). "Except as otherwise prescribed by this rule, the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). With respect to an appeal from a judgment of sentence where a timely post-sentence motion was filed, an appeal must be filed within 30 days of the order denying that motion. **See** Pa.R.Crim.P. 720(A)(2)(a). Moreover, this Court is not permitted to "enlarge the time for filing a notice of appeal." Pa.R.A.P. 105(a).

Here, the trial court denied Appellant's timely-filed post-sentence motion on August 5, 2016, and the notice of appeal was filed on February 1, 2017, well outside of the 30-day timeframe. Thus, on its face, it appears that this Court lacks jurisdiction to entertain this appeal.

However, this Court has held that there are limited exceptions to the 30-day rule. **See**, **e.g.**, **Commonwealth v. Anwyll**, 482 A.2d 656, 657 (Pa. Super. 1984) ("Given the trial court's misstatement of the appeal period, appellant's failure to appeal on time would appear to be the result of a

breakdown in the court's operation."); ***Commonwealth v. Bogden***, 528 A.2d 168 (Pa. Super. 1987) (holding that appeal would not be quashed as untimely when trial court misinformed defendant by not advising him that appeal had to be taken within thirty days of entry of sentence); ***Commonwealth v. Coolbaugh***, 770 A.2d 788 (Pa. Super. 2001) (same); ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995) (extending the time for appeal where the clerk of courts failed to enter an order denying Braykovich's post-sentence motion by operation of law); ***Commonwealth v. Khalil***, 806 A.2d 415, 421 (Pa. Super. 2002) (same).

Here, the trial court informed Appellant properly of the time for filing an appeal. Additionally, after the trial court denied relief to Appellant in open court, the clerk of courts entered the order on the docket and sent notice to all parties. Moreover, Appellant has not cited to any case law convincing us there is an applicable exception. Therefore, we conclude that Appellant's appeal was filed untimely, and we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017