J-S05004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :

                  v.                            :

ERIC MICHAEL COLLIER           :

             Appellant         :   No. 838 MDA 2019

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005598-2016

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:             **FILED MARCH 13, 2020**

Appellant, Eric Michael Collier, appeals from the judgment of sentence entered on August 6, 2018, after a jury convicted him of one count each of robbery and conspiracy to commit robbery.[1] For the reasons that follow, we are constrained to remand this case to the common pleas court.

Before addressing the reasons for remand, we must determine whether the appeal is properly before us. As noted above, the trial court imposed sentence on August 6, 2018. Appellant, by then-counsel, Bryan E. DePowell, filed a timely post-sentence motion ("PSM") on August 16, 2018, wherein he asserted that the jury's verdict was against the weight of the evidence. PSM, 8/16/18. While the PSM was pending, the trial court entered an order on

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 903, respectively.

September 14, 2018, vacating the appointment of Attorney DePowell as conflict counsel, and appointing current counsel, David Hoover, to represent Appellant. Order, 9/14/18.

If a trial court does not decide a timely PSM within 120 days from the date the motion is filed, Pa.R.Crim.P. 720(A)(2)(b) provides that a notice of appeal "shall be filed within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(B)(3)(a) provides that a judge shall decide the PSM, including any supplemental motion, "within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Rule 720 also sets forth the requirement placed on the clerk of courts when a PSM is denied by operation of law. "When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c).

Instantly, as noted, Appellant filed a timely PSM on August 16, 2018. Counsel withdrew and new counsel was appointed on September 14, 2018. After 120 days, which was December 14, 2018, there was no ruling on the PSM by the trial court. Importantly, the Dauphin County Clerk of Courts did

not enter an order deeming the motion denied as required by Pa.R.Crim.P. 720(B)(3)(c). Eventually, the trial court entered an order, dated January 15, 2019, denying the PSM. However, the only service noted on the docket was eService to the Dauphin County District Attorney, Stephen Zawisky, on February 4, 2019. Notice of the denial of the PSM never was sent to Attorney Hoover, Appellant's counsel-of-record. When Attorney Hoover learned of the error, he filed the instant notice of appeal on May 21, 2019.

It is well settled that the appellate courts cannot extend the time for filing an appeal. Pa.R.A.P. 105(b). However, the official note to Rule 105 provides that Rule 105(b) is "not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b), note. We found such a breakdown in *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa. Super. 1995), and described that breakdown as follows:

> Our decision in *Braykovich* is instructive in our analysis of whether a breakdown of the processes of the trial court occurred in this case. In *Braykovich*, Braykovich filed a timely post-sentence motion on April 19, 1994. *Braykovich*, 664 A.2d at 135. The trial court did not address the motion until it denied the motion on September 13, 1994, after the 120-day period to rule on post-sentence motions expired. *Id.* Thereafter, Braykovich brought [an] appeal to this Court on October 11, 1994. *Id.* We were compelled to examine whether the appeal was timely and held that, although the appeal was filed on October 11, 1994, it was timely because the late appeal was due to a breakdown in the processes of the trial court. *Id.* at 138. **We found a breakdown in the processes of the trial court because the clerk of courts failed to enter an order denying Braykovich's post-sentence motions by operation of law as required by Pa.R.Crim.P. 1410** Pa.R.Crim.P. 1410.[1] We found this error

- 3 -

deprived Braykovich of notice of the expiration of the 120-day period allowed for the decision of the post-sentence motions, and the beginning of the 30-day period allowed for direct appeal. Thus, this breakdown caused Braykovich to file his notice of appeal out of time. *Id.* at 138. Accordingly, we addressed *Braykovich's* appeal.

> [1] We note that *Braykovich* interpreted Pa.R.Crim.P. 1410, later amended and renumbered as Pa.R.Crim.P. 720, effective April 1, 2001.

*Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002).

*Khalil* also involved a breakdown in the trial court's processes resulting in a facially untimely appeal. We explained the procedural errors therein as follows:

The record indicates that the judgment of sentence was imposed on May 14, 2001. [The a]ppellant filed his post-sentence motions in a timely fashion on May 24, 2001, within 10 days of the judgment of sentence. *See* Pa.R.Crim.P. 720(A)(1). Mechanically, the run-date for purposes of Pa.R.Crim.P. 720(B)(3)(a) was September 21, 2001, which was 120 days from the filing of the post-sentence motions on May 24, 2001. [The a]ppellant's petition for extension was not filed until September 26, 2001. Consequently, the trial court was without power to rule on the petition for extension because the original post-sentence motion had already been deemed denied by law pursuant to Pa.R.Crim.P. 720(B)(3)(a). *See Commonwealth v. Santone*, 757 A.2d 963 (Pa. Super. 2000) (holding trial court's modification of sentence after 120-day period to decide post-sentence motions a nullity because post-sentence motions deemed denied by operation of law). The trial court entered an order granting the motion for extension, but did not act on the motion. The trial court then entered an order on October 24, 2001, stating that the motion was "deemed denied by operation of law." Since the post-sentence motions were deemed denied by operation of law on September 21, 2001, the trial court's orders granting an extension of time and denying the post-sentence motions by operation of law on October 24th were a legal nullity because the trial court's jurisdiction ended September 21st. Therefore, [the a]ppellant had 30 days from September 21st to appeal. Thus, the November 16th

> appeal was untimely. However, we have held that we will address an otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted in an untimely appeal. ***Commonwealth v. Anwyll***, 333 Pa. Super. 453, 482 A.2d 656 (1984).

***Khalil***, 806 A.2d at 419–420.

In light of the instruction in ***Braykovich***, the ***Khalil*** Court noted that the trial court in its case erred on September 5th when it scheduled the rule returnable at a hearing to be held after the September 21, 2001 120-day run-date. When appellate counsel discovered the trial court's error, he filed a petition to extend time for decision on the PSM on September 26, 2001, five days after the September 21st run-date. We determined that the trial court's grant of this petition to extend on September 28, 2001, was a nullity because the PSM was deemed denied by operation of law on September 21, 2001, by virtue of Pa.R.Crim.P. 720(B)(3)(a). We held, "Because [the a]ppellant's post-sentence motions were denied by operation of law on September 21, 2001, he was required to file his notice of appeal 30 days from that date, which he failed to do." ***Khalil*** 806 A.2d at 420.

Nevertheless, we addressed the appellant's claims because we concluded that ***Braykovich*** compelled the conclusion that the failure of the clerk of courts to issue an order on September 21, 2001, deeming the appellant's PSM denied by operation of law, was a breakdown of the processes of the trial court. We stated, "Central to the holding in ***Braykovich*** was the failure of the clerk of courts to give notice of Braykovich's direct appeal rights

in the order deeming post-sentence motions denied by operation of law mandated by Pa.R.Crim.P. 1410(B)(3)(c) and (B)(4) (now renumbered as rules 720(B)(3)(c) and (B)(4))." *Khalil*, 806 A.2d at 420–421.

The instant case is similar to both *Braykovich* and *Khalil*, in that the clerk of courts failed to enter the order deeming Appellant's PSM denied by operation of law. This error was compounded by 1) the trial court's subsequent erroneous order denying the PSM on January 15, 2019, which was a nullity because the PSM was deemed denied by operation of law on December 14, 2018, by virtue of Pa.R.Crim.P. 720(B)(3)(a); and 2) the failure of the clerk of courts to notify Appellant of the denial. As we stated in *Khalil*, "This order is important in two respects. First, it informs a defendant that the 30-day time limit for direct appeal has begun, and, second, it appraises the defendant of his rights on appeal." *Khalil*, 806 A.2d at 421. Therefore, we are constrained to find that it was the breakdown of the processes of the trial court that caused Appellant's untimely appeal. *Braykovich*, 664 A.2d at 138 (where the defendant's failure to comply with timely appeal rule was caused by clerk of courts' failure to notify him that rule for post-sentence relief had been denied by operation of law, clerk's failure involved breach in court system, and the defendant's appeal was thus timely filed."). Thus, the appeal is properly before us.

Appellant raises the following issue on appeal:

> A. DID THE TRIAL COURT ABUSE ITS DISCRECTION WHEN IT DECIDED THAT THE VERDICT OF THE JURY WAS NOT AGAINST THE GREATER WEIGHT OF THE EVIDENCE?

Appellant's Brief at 6 (*verbatim*).

When Appellant filed his notice of appeal on May 21, 2019, the trial court entered an order on June 13, 2019, directing Appellant to comply with Pa.R.A.P. 1925(b) within twenty-one days. Order, 6/13/19. Attorney Hoover was provided notice of entry of the order by United States Mail. On August 8, 2019, with service, *inter alia*, to Mr. Hoover, the trial court filed a Memorandum Statement in Lieu of Opinion noting that Appellant failed to comply with its June 13, 2019 order, "nor has he applied for an extension of time in which to file his Statement of Matters Complained of on Appeal." Memorandum Statement in Lieu of Opinion, 8/8/19. Thus, the trial court found that the issue on appeal is waived. To this day, Attorney Hoover has not complied with the trial court's order, nor has he commented in his brief on the trial court's finding of waiver.

In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002), the Court further expanded **Lord**, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the

question of waiver has not been raised by the other party, and the trial court has overlooked the failure by addressing the issues it assumed would be raised. Our Supreme Court amended Pa.R.A.P. 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Pa.R.A.P. 1925(b) statement.

Pa.R.A.P. 1925 provides, in pertinent part:

**Rule 1925. Opinion in Support of Order**

\* \* \*

**(c) Remand.**

\* \* \*

(3) If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been per se ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement nunc pro tunc, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). The note following the rule provides, in pertinent part:

Subparagraph (c)(3): This subparagraph allows an appellate court to remand in criminal cases only when an appellant, who is represented by counsel, has completely failed to respond to an order to file a Statement or has failed to do so timely. It is thus narrower than subparagraph (c)(2). *See, e.g., Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009*); Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005). *Per se* ineffectiveness applies in all circumstances in which an appeal is completely foreclosed by counsel's actions, but not in circumstances in which the actions narrow or serve to foreclose the appeal in part. *Commonwealth v. Rosado*, 150 A.3d 425, 433-35 (Pa. 2016). *Pro se* appellants are excluded from this

> exception to the waiver doctrine as set forth in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998).
>
> Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in **West** recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion. **See West**, 883 A.2d at 657 . . . .

Pa.R.A.P. 1925(c)(3), note; **see also Commonwealth v. Parrish**, ___ A.3d ___, 2020 WL 355016 (Pa. filed January 22, 2020) (extended description of history of Pa.R.A.P. 1925(c)).

Herein, counsel's complete failure to file a Pa.R.A.P. 1925(b) statement amounts to *per se* ineffectiveness. Consequently, we are compelled to remand for Appellant's counsel to file with the trial court a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within twenty-one days of the date of this Memorandum. Within thirty days of the filing of such statement, the trial court is directed to file a Pa.R.A.P. 1925(a) opinion.[2]

Case remanded for further proceedings consistent with this Memorandum. Panel jurisdiction retained.

---

[2] We additionally note that the Commonwealth, in its brief, has requested remand for this purpose. Commonwealth's Brief at 4.