CARRIE STEIGER, PLAINTIFF-APPELLANT, v. AUGUSTE STENDER ET AL., DEFENDANTS-RESPONDENTS.

Submitted October 7, 1941—Decided January 5, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *Julius A. Kepsel.*

For the defendants-respondents, *Samuel Shure* and *Dominick F. Pachella.*

The opinion of the court was delivered by

DONGES, J. Appellant sued to recover the sum of $100 paid as part of the purchase price of a restaurant business, in accordance with an agreement dated December 19th, 1940. Judgment was entered for defendants and plaintiff appeals.

The case turns upon a clause in the agreement as follows:

"This business is sold subject to a now existing lease on these premises expiring January 31st, 1941, which the seller agrees to set over, transfer and assign to the buyer and is herewith made part of this agreement. The buyer will endeavor to obtain assurance of renewal of said lease or a

new lease from the landlord on terms satisfactory to the buyer. In the event that such assurance is not obtained or satisfactory assurance given on or before Monday, December 23d, 1940, then this agreement shall be null and void and all moneys paid hereunder shall be returned to the buyer."

The uncontradicted evidence is that the representative of the buyer, on December 20th, 1940, went to the agent of the landlord and was advised that the lease would be renewed on payment of increased rent; that the plaintiff's representative returned to the premises of defendants and advised the plaintiff and defendants, who were then present, that negotiations for a renewal upon satisfactory terms had failed; that, thereupon, plaintiff stated she did not care to renew the lease on the terms proposed and that the purchase was "off;" that on the same day, December 20th, 1940, her representative, by registered letter, advised defendants that, inasmuch as the lease could not be procured on terms satisfactory to plaintiff, the agreement was "null and void" and demanded return of the deposit. One of the defendants testified that the owner's agent had assured her that the lease would be renewed on the same terms, and that the other defendant offered to go with plaintiff and her representative to arrange for such renewal, but they refused and demanded the return of the deposit; that the representative of the plaintiff, prior to December 23d, was advised that the agent of the owner would renew the lease for one year without increase in rental; and that, subsequently, such renewal was executed.

The other defendant testified that he sought to have the parties return to the agent's office to resume negotiations, but that the plainiff and her representative refused. This testimony was denied by them.

The agent of the owner did not testify. Nor was there testimony as to the terms upon which the owner would lease to plaintiff, except that defendants told the plaintiff's representative that arrangement could be made for renewal for one year at the same rental. Nowhere does it appear that the owner's agent gave such assurance to plaintiff or her representative. Nor does it anywhere appear that the representations of defendants as to what they said could be procured satisfied the demands of plaintiff. The agreement pro-

vided that the terms of renewal should be satisfactory to plaintiff. Her efforts to secure such a lease from the owner were not successful; the owner never advised her of any change of position. Nor did he testify as to any such change of position.

The parties are bound by their contract. It clearly gave plaintiff the right to withdraw if a satisfactory renewal of the lease could not be obtained. The evidence is uncontradicted that such renewal was denied. In the absence of assurance by the landlord of a satisfactory renewal of the lease, as provided by the agreement, she was within her rights to withdraw from the contract and to have her money back.

The judgment is reversed, and the cause remanded to the trial court.