J-S15025-23

J-S15026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN T. HALL | : | |
| | : | |
| Appellant | : | No. 960 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 25, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No:  CP-22-CR-0002391-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAWN T. HALL | : | |
| | : | |
| Appellant | : | No. 961 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 25, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No:  CP-22-CR-0002670-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                **FILED: JULY 24, 2023**

Appellant, Shawn T. Hall, appeals from the judgments of sentence imposed in the Dauphin County Court of Common Pleas on May 25, 2022, after a jury convicted him of simple assault and harassment in one case and

simple assault in a second case.[1]  Appellant contends the trial court erred by granting the Commonwealth's motion to join the cases for trial.  Following review, we affirm.

As the trial court explained, a Swatara Township Police officer filed a criminal complaint against Appellant alleging simple assault and harassment stemming from a March 11, 2019 domestic incident between Appellant and Treyana Coleman.  A second Swatara Township Police officer filed a criminal complaint against Appellant alleging simple assault stemming from a June 16, 2020 domestic incident that also involved Appellant and Treyana Coleman.  In both instances, Appellant waived his preliminary hearing and the matters were bound over to the court of common pleas.  Rule 1925(a) Opinion, 9/6/22, at 1.

On February 17, 2022, the Commonwealth filed a motion to join the two criminal dockets for trial.  The motion was granted without a hearing by order entered on March 3, 2022, and the case proceeded to trial on March 10 and 11, 2022.  The jury returned verdicts of guilty on both simple assault charges

---

[1] In accordance with 18 Pa.C.S.A. § 2701(a), "a person is guilty of simple assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]"  In accordance with Pa.C.S.A. § 2709(a), "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]"

and on the one charge of harassment. Sentencing was deferred until May 25, 2022, at which time the trial court sentenced Appellant to concurrent terms of nine to 23 months' imprisonment in the Dauphin County Prison and ordered him to complete anger management and batterers' classes. ***Id.*** at 2.

As will be discussed herein, on Monday, June 6, 2022, Appellant filed a timely post-sentence motion on one of the two dockets, *i.e.*, No. 2391-2019, stemming from the events of March 11, 2019. The caption on his motion listed that docket as well as No. 2670-2020, relating to the events of June 16, 2020. However, the motion was not filed on the docket at No. 2670-2020.

On June 10, 2022, the trial court entered an order denying Appellant's post-sentence motion. The caption on the order included both dockets. The order read, in its entirety, "And now, this 9th day of June, 2022, upon consideration of Defendant's Post-Sentencing Motion it is hereby ORDERED that said motion is DENIED." Order, 6/10/22. Despite the absence of a motion on the docket at No. 2670-2020, the court's order was entered on that docket as well as No. 2391-2019.

On July 5, 2022, Appellant filed separate notices of appeal on each docket. On July 14, the trial court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal. Appellant complied, filing a concise statement for each appeal in which he asserted the same claim he asks us to consider in this appeal:

Whether the trial court erred in granting the Commonwealth's motion for joinder in criminal actions CR-2391-2019 and CR-2670-2020?

Appellant's Briefs at 6 (some capitalization omitted).[2,3]

Before we can address Appellant's claim, we must determine if we have jurisdiction to consider his appeal at No. 961 MDA 2022. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) ("[T]he question of appealability implicates the jurisdiction of this court.").

In accordance with the general rule set forth in Pa.R.A.P. 903(a), a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence[.]" Pa.R.A.P. 903(c)(3); Pa.R.Crim.P. 720(A)(3). "The failure to file a notice of appeal within the time allowed by [Rule 903] renders an appeal invalid." Pa.R.A.P. 902(b)(2). However, if a post-sentence motion is filed within ten days after imposition of sentence, the 30-day appeal period runs from entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(1) and (2)(a). Further, if the judge denies the post-

---

[2] Appellant filed identical briefs for both appeals, varying only in terms of the caption on the covers.

[3] We remind Appellant that Pa.R.A.P. 2111(a)(11) and (d) direct an appellant to append a copy of the Rule 1925(b) statement to the appellant's brief.

sentence motion, the judge must promptly issue an order that includes notice to the defendant of, *inter alia*, "the right to appeal and the time limits within which the appeal must be filed[.]" Pa.R.Crim.P. 720(B)(4)(a). Rule 720(B)(4) "ensures adequate notice of a defendant's appeal right, which is important given the potential time lapse between the notice given at sentencing and the resolution of the post-sentence motion." ***Commonwealth v. Miller***, 715 A.2d 1203, 1206-07 (Pa. Super. 1998).[4]

Again, here, Appellant's post-sentence motion was docketed at No. 2391-2019, but not at No. 2670-2020. In the absence of a post-sentence motion at No. 2670-2020, Appellant's appeal period on that docket ran from May 25, 2022, when judgment of sentence was entered.

On September 7, 2022, this Court issued a rule to show cause why the appeal from the judgment of sentence at No. 2670-2020 (docketed in this Court at No. 961 MDA 2022) should not be quashed as untimely filed on July 5, 2022 from the judgment of sentence imposed on May 25, 2022. The show cause order noted that while the trial court docket reflected a post-sentence motion filed from the judgment of sentence at No. 2391-2019 (docketed in this Court at No. 960 MDA 2022), the trial court docket for No. 2670-2020 did not reflect the filing of a post-sentence motion. Therefore, in accordance with Pa.R.A.P. 903(c)(3), the notice of appeal had to be filed within 30 days of

---

[4] ***Miller*** involved Rule 720's predecessor rule, Rule 1410.

- 5 -

imposition of the judgment of sentence, *i.e.*, by June 24, 2022. Rule to Show Cause, 9/7/22, at 1.

In response, Appellant indicated that the post-sentence motion filed at No. 2391-2019 included both docket numbers and that the issues raised with respect to both dockets were identical, *i.e.*, that the two cases should not have been joined for trial. Counsel stated that he "intended to file a Post-Sentence Motion with respect to both dockets, which is why the caption for the Post-Sentence Motion includes both docket numbers." Answer to Rule to Show Cause, 9/16/22, at ¶¶ 3-5. Counsel continued, noting that when he PAC-filed the motion, he "must have only filed the Motion under [one docket]," despite his intent to submit a post-sentence motion "for both dockets in one Motion, which is why both docket numbers appeared in the caption." *Id.* at ¶¶ 6-7. Counsel requested that we not quash the appeal as untimely filed "because a Post-Sentence Motion on docket CR-2670-20 was submitted to and reviewed by the trial court on June 6, 2022." *Id.* at ¶ 8.

By order entered September 22, 2022, the show-cause order was discharged and the matter was referred to this panel.

It is undisputed that Appellant failed to file a post-sentence motion at No. 2670-2020. Consequently, the July 5, 2022 notice of appeal filed on that docket from the May 25, 2022 judgment of sentence is untimely. Courts cannot enlarge the time for filing an appeal. ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (citing ***Commonwealth v. Smith***, 501

A.2d 273, 275 (Pa. Super. 1985) ("A court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence.")). However, under the circumstances present here, we decline to quash the appeal.

First, while not dispositive and not legally relevant, we note that neither the Commonwealth nor the trial court has raised the issue of timeliness for the appeal at No. 961 MDA 2022. Essentially, it appears that neither the parties nor the trial court even noticed that Appellant filed his post-sentence motion at only one docket. The fact that the trial court entered its order denying Appellant's post-sentence motion on a docket that did not include a post-sentence motion is evidence of that fact. While Appellant's counsel's oversight cannot serve as a basis for extending the appeal period, a breakdown in the operation of the court can save the appeal from quashal.

As noted above, Pa.R.Crim.P. 720 (B)(4) requires that an order denying a post-sentence motion include notice to a defendant of the right to appeal and the time limits for doing so. When the trial court denied Appellant's post-sentence motions on June 10, 2022, the court failed to advise Appellant of the time for filing an appeal on either docket. Importantly, at that time, Appellant was still within the 30-day period for filing an appeal from the judgment of sentence. Had the court recognized the lack of a post-sentence motion, and had the court brought it to Appellant's attention rather than "deny" the non-existent motion, Appellant would have had fourteen more days to file a timely notice of appeal. Further, had the trial court's order included an instruction

that the 30-day appeal period was triggered by the June 10, 2022 denial of the (non-existent) motion, we would view that instruction as erroneous and as clear evidence of a breakdown in the court's operation.

Although we have not uncovered any authority for declining to quash an appeal under these precise circumstances, we have declined to quash under somewhat analogous circumstances. *See, e.g., Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("[W]e decline to quash this appeal because [the late appeal] resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation.") (internal quotation marks omitted); *Commonwealth v. Bogden*, 528 A.2d 168, 170 (Pa. Super. 1987) (declining to quash appeal as untimely because trial court misinformed defendant by not advising him that appeal had to be taken within thirty days of entry of sentence); *Commonwealth v. Anwyll*, 482 A.2d 656, 657 (Pa. Super. 1984) (although appeal was untimely, where defendant's failure to appeal on time appeared to be a result of a breakdown in operation of trial court, which gave erroneous information as to appeal period, appeal would not be quashed as untimely but would be regarded as though filed *nunc pro tunc* and considered on the merits). Here, the court did not provide erroneous information about the appeal period. It failed to provide any information at all.

We note that Appellant did file timely notices of appeal on both dockets from orders that, according to the trial court, denied Appellant's post-sentence

motions. We also observe that the issue preserved and presented to this Court for review at No. 960 MDA 2022 is the same issue Appellant "intended" to preserve and present for review at No. 961 MDA 2022. As a result, the issue of whether the trial court erred by granting the Commonwealth's motion to join the cases for trial has been preserved at No. 960 MDA 2022, even if we were to quash the appeal at No. 961 MDA 2022. Therefore, we will proceed to review the merits of his appeal. Again, as phrased in his brief, Appellant asks us to consider "[w]hether the trial court erred in granting the Commonwealth's motion for joinder[.]" Appellant's Brief at 6 (some capitalization omitted).

As this Court has recognized:

"Whether to join . . . offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." *Commonwealth v. Wholaver*, 605 Pa. 325, 989 A.2d 883, 888 (Pa. 2010).

Pennsylvania Rules of Criminal Procedure 582(A)(1) provides that distinct offenses which do not arise out of the same act or transaction may be tried together if the "evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[] or the offenses charged are based on the same act or transaction." Pa.R.Crim P. 582(A)(1)(a)-(b). If the trial court finds that the evidence is admissible and the jury can separate the charges, the court must also consider whether consolidation would unduly prejudice the defendant. *Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa. Super. 2005).

While evidence of other criminal behavior is not admissible to demonstrate a defendant's propensity to commit crimes, it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity[,] or absence of mistake or accident so

long as the probative value of the evidence outweighs its prejudicial effect." ***Commonwealth v. Smith***, 47 A.3d 862, 867 (Pa. Super. 2012) (citing Pa.R.E. 404(b)(2), (3)).

***Commonwealth v. Knoble***, 188 A.3d 1199, 1205 (Pa. Super. 2018).

At issue here is whether the trial court manifestly abused its discretion by granting the Commonwealth's motion to join the two criminal dockets for trial. In its motion to join, the Commonwealth summarized the events that transpired between Appellant and Treyana Coleman on March 11, 2019 and on June 16, 2020. At the time, Appellant and Ms. Coleman were living together and were the parents of a young child. In the 2019 incident, docketed at No. 2691-2019, Ms. Coleman reported that Appellant had been drinking and punched her while she was washing dishes. She claimed that the two had been arguing prior to the physical contact. When she asked Appellant to leave, he struck her in the face, resulting in a scratch to her outer cheek and causing her to bite her inner cheek, and then pulled her hair before leaving the residence. Ms. Coleman's mother, who did not witness the events, called 9-1-1 to report the incident. Appellant was charged with simple assault and harassment and the case was scheduled for trial on March 7, 2022. Motion for Joinder, 2/17/22, at ¶ 2.

With regard to the June 16, 2020 incident, docketed at No. 2670-2020, Ms. Coleman told officers that Appellant had been drinking and grabbed her by her left arm and threw her onto the ground while she was tying her son's shoe. She claimed that Appellant then punched her lower body while she was

on the ground, causing cuts and bruises to her arm. Once again, it was Ms. Coleman's mother who called 9-1-1 to report the incident, although again she did not witness the incident. Appellant was charged with simple assault for the June 2020 incident and the case was scheduled for trial on March 7, 2022. Motion for Joinder, 2/17/22, at ¶ 3.

In response to the Commonwealth's motion, Appellant admitted he was charged with simple assault and harassment but denied the remaining allegations of Paragraphs 2 and 3 that described the 2019 and 2020 incidents, as summarized above. Appellant's Answer to Motion for Joinder at ¶¶ 1-2. He asserted that the evidence from each docket would not be admissible in the other docket; that the "single criminal episode" factors in the case weighed in favor of not joining the two dockets because they were separated by more than a year and lacked any logical relation other than involving the same victim; and that the evidence of each was not capable of separation by the jury so as to avoid the danger of confusion. *Id.* at ¶¶ 3-6. He claimed that the potential for prejudice "in trying these matters together is extremely high." *Id.* at ¶ 6.

As mentioned at the outset, the trial court granted the Commonwealth's motion to join on March 3, 2022 without a hearing and the case proceeded to trial on March 10 and 11, 2022. The Commonwealth presented Ms. Coleman and her mother as witnesses along with the officers involved in each of the

incidents. Appellant did not testify. The jury returned verdicts of guilty on both simple assault charges and on the one charge of harassment.

On appeal to this Court, Appellant did not present any issues involving sufficiency or weight of evidence but rather limited his appeal to the issue of joinder. In his brief, he addressed the requirements for joinder set forth in Rule 582(A)(1) and asserted that the court erred in joining the cases for trial.[5]

While acknowledging that the events involved the same victim, Appellant maintains the incidents in question took place 15 months apart. Appellant's Brief at 13. In addition, while Appellant was charged with simple assault for each incident, he asserts that the alleged conduct in each case was different. Specifically, he contends that in the first incident, Ms. Coleman claimed he pushed her off him, which caused him to hit her face with an open hand. By contrast, in the second incident, Appellant allegedly pushed Ms. Coleman after she was getting in his face, leaving a mark on her arm. *Id.* at 13-14 (citing notes of testimony). Therefore, he argues that, despite the trial court's conclusion to the contrary, evidence of these incidents would not be admissible in a separate trial for the other because the evidence would not show intent, motive, or lack of mistake. *Id.* at 14. However, the evidence demonstrated Appellant's intent, as well as the lack of mistake or accident on

_____

[5] Although Appellant's issue is phrased in terms of trial court error, we review the trial court's order for abuse of discretion. *Knoble*, 188 A.3d at 1205.

- 12 -

his part, when he assaulted and harassed Ms. Coleman in March 2019 and when he assaulted her in June 2020. Further, while Appellant attempts to distinguish the two episodes, the evidence supports the Commonwealth's contention that the two incidents share a logical relationship. The evidence reflects that, on both occasions, Appellant had been drinking before assaulting Ms. Coleman during an argument. *See* Notes of Testimony, Trial, at 23, 32. As the trial court observed, "[T]he events that transpired on March 11, 2019 and June 16, 2020 involved the same victim, the same witness, and the allegations and resulting charges were similar in nature." Trial Court Rule 1925(a) Opinion, 9/6/22, at 3 (unnumbered).

Appellant also contends that joinder for trial was improper under Rule 582 because the jury could not separate the evidence from the two informations, thus creating the danger of confusion. He argues that the jury "was able to intertwine the facts . . . and conclude that guilt in one case was equal to guilt in the other." Appellant's Brief at 15. We cannot agree. A review of the trial transcript reflects the Commonwealth's careful approach in presenting its evidence of each incident separately so as to avoid any danger of confusion.

Finally, Appellant asserts he was prejudiced by the joinder of the cases for trial. He suggests "there is little doubt that each [a]ction showed Appellant's propensity to commit crimes in the other action, and that the jury cumulated the evidence to find Appellant guilty in both actions." *Id.* at 16.

However, the "prejudice" Appellant can demonstrate here is nothing "greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime." ***Commonwealth v. Shackelford***, 293 A.3d 692, 701 (quoting ***Commonwealth v. Ferguson***, 107 A.3d 206, 210 (Pa. Super. 2015)). As this Court has recognized, "The prejudice of which . . . [consolidation] speaks is rather that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." ***Commonwealth v. Judd***, 897 A.2d 1224, 1243 n. 7 (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 499 (Pa. 1988)).

> The trial court rejected Appellant's arguments, concluding:
>
> While the events were 15 months apart, this court found that any prejudice caused by the amount of time between the events [] was not outweighed by the other factors. The evidence of each of the offenses would be admissible in a separate trial for the other, as each incident would be admissible in a separate trial for the other incident to show intent, motive, or lack of mistake. Further, such evidence was easily capable of separation by the jury so as to avoid danger of confusion. Finally, [Appellant] was not unduly prejudiced by the joinder of the offenses. ***See Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. Super. 1997).
>
> . . .
>
> Additionally, the general policy of law is to "encourage joinder of offenses and consideration of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expense and time-consuming duplication of evidence." ***Commonwealth v. Grillo***, 917 A.2d 343 (Pa. Super. 2007).

Trial Court Rule 1925(a) Opinion, 9/6/22, at 3-4 (unnumbered).

We find no abuse of discretion in the trial court's decision to join the two dockets for trial.  Therefore, we shall not disturb that determination.

Judgments of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2023